UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:

    Ashleigh Sullivan,　　　　　　　　　Chapter 7
        Debtor　　　　　　　　　　　　　　Case No. 20-10290-BAH

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AGREEMENT

This Agreement (the "Agreement") is made this __24__ day of March, 2021, by and between Edmond J. Ford, Chapter 7 Trustee for the Bankruptcy Estate of Ashleigh Sullivan, Case Number 20-10290-BAH currently pending in the United States Bankruptcy Court for the District of New Hampshire, in his capacity as Trustee and not personally, with an address of 10 Pleasant Street, Suite 400, Portsmouth, New Hampshire 03801 (the "Trustee") and Ashleigh Sullivan, an individual with an address of 6 Laurel Lane, Stratham, New Hampshire 03885 (the "Debtor").

1. **RECITALS**

    1.1. The Debtor filed this voluntary chapter 7 bankruptcy case on March 13, 2020;

    1.2. On Schedule A/B, the Debtor listed an interest in her "2019 State and Federal income tax returns unfiled as of yet" (the "Refund"), with a value of "unknown."

    1.3. The Debtor has claimed an exemption in the Refund in the amount of $5,000.00 pursuant to N.H. Rev. Stat. Ann. § 511:2(XVIII).

    1.4. On March 9, 2021, the Debtor provided the Trustee with her 2019 Federal Tax Return, jointly filed with her non-debtor husband, which shows a refund in the amount of $19,475.00.

Scanned with CamScanner

1.5. The parties have not yet calculated the exact amount of the refund attributable to the Debtor under the rule set forth in *In re Nevins*, 564 B.R. 151 (Bankr. D.N.H. 2016), but have agreed to consensually resolve the issue.

1.6. The Debtor has offered to turnover, and the Trustee has agreed to accept, subject to bankruptcy court approval, $8,500.00 as the Debtor's non-exempt portion of the Refund.

*NOW, THEREFORE*, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to and contingent upon approval of this Agreement by the United States Bankruptcy Court for the District of New Hampshire (the "Bankruptcy Court"), the parties agree as follows:

2. **FUNDAMENTAL TERMS**

    2.1. On or before the hearing date scheduled on a motion to approve this Agreement, the Debtor shall pay the Estate the sum of Eight Thousand, Five Hundred Dollars ($8,500.00) (the "Refund Payment").

    2.2. The Refund Payment shall be paid via bank, certified or trust check, or wired directly to the Trustee. If paid by check, the check shall be made payable to "Edmond J. Ford, Ch. 7 Trustee for the Bankr. Estate of Ashleigh Sullivan, #20-10290."

    2.3. Upon approval of this Agreement, the Trustee will abandon the Estate's interest in the Refund.

    2.4. Each party shall bear his, her or its own attorney's fees and costs.

    2.5. The parties' obligations arising from this Agreement are contingent upon approval of this Agreement by the Bankruptcy Court.

3. **MISCELLANEOUS**

    3.1. This Agreement embodies the entire agreement among the parties as a resolution of the

Scanned with CamScanner

claims relating to the turnover of the non-exempt portion of the Refund, and may not be modified except in writing, which modification must be signed by all parties to this Agreement and approved by the Bankruptcy Court. This Agreement supersedes any and all prior representations, arrangements, agreements or understandings, oral or written, among the parties as to the resolution of the litigation between the parties.

3.2. The invalidity, illegality or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

3.3. This Agreement is deemed to have been drafted jointly by the parties. Any uncertainty or ambiguity shall not be construed for or against any party based on attribution of drafting to that party.

3.4. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all executed counterparts shall constitute one agreement binding on the parties when fully executed by all of the parties, notwithstanding that all of the parties may not be signatory to the same counterpart. This Agreement may be delivered electronically or by facsimile, and such signatures shall be binding and deemed original for purposes of implementing and enforcing this Agreement.

3.5. The validity, construction, interpretation and administration of this Agreement shall be controlled and governed by the laws of the State of New Hampshire. To the extent that any legal action is required to enforce this Agreement, all parties agree to jurisdiction and venue in the Bankruptcy Court.

3.6. Each party hereto acknowledges that they have carefully reviewed this Agreement with their own counsel and that the execution of this Agreement is both knowing and

Scanned with CamScanner

voluntary.

3.7. The signatories to this Agreement warrant their authority to execute this Agreement for themselves or on behalf of others where indicated.

Date: 3/24/21

BANKRUPTCY ESTATE OF ASHLEIGH SULLIVAN, CASE NUMBER 20-10290-BAH

By: _____

Edmond J. Ford, in his capacity as Chapter 7 Trustee for the bankruptcy estate of Ashleigh Sullivan, Case No. 20-10290-BAH, and not individually

Date: 3/24/21

ASHLEIGH SULLIVAN

_____
Ashleigh Sullivan

F:\WPDATA\Ed\TRUSTEE\20-10290\pleadings\Agreement - 2019 Tax Refund.doc

4

Scanned with CamScanner